# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA DUNBAR

**DEFENDANTS**
THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

Brief description of cause:
Disability discrimination, retaliation, and failure to accommodate. FMLA interference and retaliation.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Apr 7, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 233 S 10th St, Philadelphia, PA 19107

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LISA DUNBAR
2514 Townsend Street
Philadelphia, PA 19125

        Plaintiff,

v.

THOMAS JEFFERSON UNIVERSITY
HOSPITALS, INC.
111 S 11th Street
Philadelphia, PA 19107

        Defendant.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Lisa Dunbar ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Thomas Jefferson University Hospitals, Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101, *et seq.*, by failing to provide reasonable accommodations to Plaintiff; failing to engage in the interactive process; and terminating Plaintiff because of her actual and/or perceived disability, because of her past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA and PFPO.

3. Plaintiff further brings this action contending Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by unlawfully interfering with Plaintiff's

FMLA rights and benefits as well as by unlawfully terminating Plaintiff's employment in retaliation for attempting to exercise her rights under the FMLA.

## PARTIES

4. Plaintiff Lisa Dunbar is a citizen of the United States and Pennsylvania and currently maintains a residence at 2514 Townsend Street, Philadelphia, PA 19125.

5. Upon information and belief, Thomas Jefferson University Hospitals, Inc., is a for-profit company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 111 S 11th Street, Philadelphia, PA 19107.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. On or about January 24, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Philadelphia Commission on Human Relations ("PCHR"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2024-02867. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated March 24, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

10. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This action is authorized and initiated pursuant to the ADA and the FMLA.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as well as it is a civil rights action arising under the laws of the United States.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this judicial district and does business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff began her employment with Defendant in or around 2011, in the position of Oncology Navigator.

16. By way of background, Plaintiff has suffered from gastrointestinal issues ("GI issues") since approximately 2017.

17. This includes irritable bowel disease, colitis, and fecal and urinary incontinence.

18. Plaintiff's GI issues constitute as disabilities within the meaning of the ADA and PFPO in that they substantially impair one or more major life activities.

19. On or about July 27, 2023, Plaintiff's GI issues were acting up more than usual, specifically her fecal and urinary incontinence.

20. By Monday, July 31, 2023, Plaintiff was so sick due to her disabilities, specifically her fecal and urinary incontinence, that she had to call out of work.

21. Plaintiff notified her supervisor with Defendant, Jackie Miller ("Ms. Miller"), and advised that because she was unable to stay out of the bathroom, she would not be able to tend to patients in Defendant's live clinic.

22. Plaintiff later tested positive for E. coli, which greatly exacerbated her disabilities.

23. Later that week, once she felt better, Plaintiff asked Ms. Miller to discuss the seriousness of her ongoing illness of fecal and urinary incontinence and to inquire about leave under the Family Medical Leave Act ("FMLA") so that her job would not be jeopardized by unintentional absences caused by her GI issues.

24. The leave Plaintiff was inquiring about was the same as a request for a reasonable accommodation under the ADA and PFPO.

25. Ms. Miller advised Plaintiff that she was "on [her] own" and that Ms. Miller could not provide Plaintiff with any guidance; Ms. Miller did not advise Plaintiff to speak with Defendant's Human Resources ("HR") department.

26. Plaintiff had to get the contact information for Lincoln Financial, Defendant's FMLA provider, from a coworker.

27. On or about August 15, 2023, less than a week later after Ms. Miller and Plaintiff discussed Plaintiff's request for FMLA leave, Ms. Miller demanded Plaintiff come in to work to cover an in-person clinic, knowing Plaintiff was experiencing an increase of symptoms that were chronic and now happening daily.

28. Apart from Plaintiff, there were at least four (4) other capable employees who could have covered the in-person clinic that Ms. Miller had asked Plaintiff to work.

29. Pursuant to the hybrid work policy, Plaintiff was only required to come to the office one (1) day per week.

30. This policy is used by several other Oncology Navigators who worked for Defendant during Plaintiff's employment.

31. Plaintiff had been in the office on August 14, 2023.

32. When Ms. Miller asked Plaintiff to come to the office on August 15th, Ms. Miller did so without providing Plaintiff any reasonable notice.

33. The morning of August 15th, Ms. Miller texted both Plaintiff's work phone and her personal cell phone just prior to Plaintiff's start time from home.

34. Plaintiff told Ms. Miller that Plaintiff could assist remotely, but because she did not have a way to get to the office, she could not come in.

35. It should be noted that Plaintiff could not take public transportation due to her disabilities, specifically her fecal and urinary incontinence, which she had previously explained to Ms. Miller.

36. Plaintiff started her day at her normal 8:30 start time and after logging in, Plaintiff found an email from Ms. Miller saying, "I am not asking you to come in, I'm telling you."

37. Plaintiff told Ms. Miller that Ms. Miller was not giving her any notice, to which Ms. Miller responded, "are you telling me no?"

38. Plaintiff said she was not saying that, but that she had no means of getting to the office in person.

39. Plaintiff later learned that there were a number of other team members available to provide coverage.

40. On or about August 23, 2023, Plaintiff had an appointment with her doctor.

41. Plaintiff had informed Ms. Miller of this appointment when she met with Ms. Miller on August 14th to discuss her request for information about FMLA leave.

42. On or about August 22, 2023, Ms. Miller asked Plaintiff to come to the office on August 23rd to discuss the events of August 15th.

43. Plaintiff reminded Ms. Miller of her August 23rd doctor appointment.

44. Plaintiff was then asked to come in on August 24, 2023.

45. On August 24, 2023, Plaintiff was brought into a meeting with Ms. Miller and Ms. Miller's supervisor, Valerie LNU (Last Name Unknown), in one of Defendant's conference rooms.

46. Valerie LNU told Plaintiff that she was being terminated based on the "flexible" policy and that she had refused to come in on August 15th.

47. It should be noted that Defendant was on notice of Plaintiff's disabilities and her request for leave under the FMLA.

48. Plaintiff had also contacted Lincoln Financial on or about August 22, 2023, and was provided with a leave ID number for intermittent leave.

49. Plaintiff was told by Lincoln Financial that she would receive paperwork for her doctor to complete via email.

50. Plaintiff was then seen by her doctor on August 23, 2023, and her doctor agreed to complete the intermittent leave paperwork.

51. Plaintiff was terminated by Defendant before the paperwork could be completed by her doctor.

52. As such, Defendant failed to reasonably accommodate Plaintiff's disabilities and failed to engage in the interactive process to determine such reasonable accommodations.

53. Furthermore, Defendant failed to properly notify Plaintiff of her FMLA eligibility and rights, and failed to provide Plaintiff FMLA benefits, to which she was entitled.

54. It is believed and therefore averred Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities, because of her past record of impairment, and in retaliation for her request(s) for an accommodation in connection thereto, in violation of the ADA and PFPO.

55. It is further believed and averred that Defendant terminated Plaintiff's employment because she attempted to exercise her right to protected FMLA leave and interfered with Plaintiff's FMLA rights and benefits, in violation of the FMLA.

56. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq*.
## DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

57. Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

59. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

60. Plaintiff's GI issues substantially limited her ability to engage in one or more major life activities for an extended period of time.

61. Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, her record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

62. Plaintiff requested a reasonable accommodation in connection with her disabilities.

63. Defendant failed to accommodate Plaintiff's reasonable requests for an accommodation related to her disabilities.

64. Additionally, Defendant failed to engage in the interactive process to discuss alternative accommodation if it felt it could not accommodate Plaintiff's request.

65. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

66. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process to determine and consider reasonable accommodations for Plaintiff, by failing to provide reasonable accommodations to Plaintiff, and by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because Defendant regarded Plaintiff as being disabled, for Plaintiff's past record of impairment, and/or in retaliation for Plaintiff's request(s) for reasonable accommodations in connection to her disabilities.

67. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

  A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

  B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

  C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

  D. Pre-judgment interest in an appropriate amount;

  E. Such other and further relief as is just and equitable under the circumstances; and

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
## PHILADELPHIA FAIR PRACTICES ORDINANCE
### Phila. Code §§ 9-1101, *et seq*.
### DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

68. Paragraphs 1 through 67 are hereby incorporated by reference as though the same were fully set forth at length herein.

69. At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101, *et seq*.

70. Plaintiff is a qualified individual with one or more disabilities within the meaning of the PFPO.

71. Plaintiff's GI issues qualify as disabilities within the meaning of the PFPO.

72. Plaintiff's GI issues substantially limited her ability to engage in one or more major life activities for an extended period of time.

73. Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, her record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the PFPO.

74. Plaintiff requested a reasonable accommodation in connection with her disabilities.

75. Defendant failed to accommodate Plaintiff's reasonable requests for an accommodation related to her disabilities.

76. Additionally, Defendant failed to engage in the interactive process to discuss alternative accommodation if it felt it could not accommodate Plaintiff's request.

77. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job, with or without a reasonable accommodation.

78. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the PFPO by failing to accommodate Plaintiff's request(s) for a reasonable accommodation in connection to her disabilities, by failing to engage in the interactive process, and by unlawfully terminating Plaintiff from employment on the basis of her actual and/or perceived disabilities, because Defendant regarded her as being disabled, for her past record of impairment, and/or in retaliation for her request(s) for a reasonable accommodation in connection thereto.

79. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

    A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

    B.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

    D.    Pre-judgment interest in an appropriate amount;

    E.    Such other and further relief as is just and equitable under the circumstances; and

    F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601, *et seq*.**
**INTERFERENCE AND RETALIATION**

80.    Paragraphs 1 through 79 are hereby incorporated by reference as if the same were more fully set forth at length herein.

81. Upon information and belief, Defendant employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

82. Plaintiff was an eligible employee under the FMLA and was thus entitled to twelve (12) weeks of unpaid leave and/or intermittent leave to seek treatment for her serious health condition(s).

83. Plaintiff provided adequate notice to Defendant of her need for medical leave and/or intermittent medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

84. Defendant willfully violated the FMLA by failing to provide Plaintiff notice of her FMLA rights.

85. Defendant willfully violated the FMLA by interfering with and denying Plaintiff FMLA rights and benefits.

86. Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise her right to protected FMLA leave.

87. The aforementioned actions of Defendant constitute unlawful interference and retaliation under the FMLA.

88. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic benefits.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer*
Mary Kramer, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
Phone: (267) 273-1054
Fax: (215) 525-0210
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: April 7, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.